■ JOSEPH DUGAN et al., Plaintiffs, v DORFF CONSTRUCTION COMPANY, INC., Defendant. (And a Third-Party Action.) SACKS

AND SACKS, ESQ., Nonparty Appellant; BERT TARAS, P. C., Nonparty Respondent. [721 NYS2d 53] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 7, 1999, granting the motion of respondent law firm Bert Taras, P. C. (the Taras firm), for an order directing appellant law firm Sacks and Sacks to turn over, pursuant to a fee-sharing agreement between the two law firms, two thirds of the fee received or to be received in this personal injury action, unanimously reversed, on the law and the facts, with costs, and the case remanded for calculation of the Taras firm's fee based upon the pro rata share of the work performed by it in the litigation.

In the unique situation presented, where Sacks and Sacks originally handled the underlying personal injury action, the Taras firm was retained and then discharged (within a month) after having performed minimal preliminary work on the case, and the case was transferred back to Sacks and Sacks, we find that the Taras firm is precluded from recovering two thirds of Sacks and Sacks' fee as provided in the fee splitting arrangement. The agreement granting the Taras firm two thirds of the fee was executed when this firm took over the case, and it clearly contemplated that the Taras firm would try the case to completion, not that the litigation would be returned to Sacks and Sacks after less than a month. Because this Court has the inherent power to ensure that a fee charged by a firm be commensurate with the reasonable services rendered to a client (cf., Code of Professional Responsibility DR 2-106 [22 NYCRR 1200.11]), we limit the Taras firm to a pro rata recovery of the value of the work it actually performed. Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.